UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NML CAPITAL, LTD.,

   Plaintiff,

     v.

THE REPUBLIC OF ARGENTINA,

   Defendants.

Civil Action No. 04-197 (CKK)

**MEMORANDUM OPINION**
(November 2, 2006)

Presently before the Court is Plaintiff's [28] Motion for Reconsideration of this Court's August 3, 2005 Opinion and for a Stay of Enforcement. Upon consideration of the Plaintiff's Motion to Reconsider, Defendant's Opposition, Plaintiff's Reply, Plaintiff's Stipulation and Order Releasing Bond, and the entire record herein, the Court shall deny Plaintiff's Motion for Reconsideration and for Stay of Enforcement.

**I: BACKGROUND**

In November 2003, Plaintiff, NML Capital Limited (hereinafter, "NML"), filed a two-count breach of contract action against Defendant, The Republic of Argentina (hereinafter, "Argentina"), for defaulting on bond interest and principal payments on two Global Bonds. *NML Capital, Ltd. v. Republic of Argentina*, No. 03 Civ. 8845 (S.D.N.Y. filed Nov. 7, 2003). Plaintiff's Motion for Summary Judgment on the relevant contract issues was granted on May 10, 2006. *NML Capital, Ltd. v. Republic of Argentina*, No. 05 Civ. 2434, 2006 WL 1294853 (S.D.N.Y. May 10, 2006).

In order to collect upon an alleged $170 million debt owed to it by Argentina, NML

sought pre-judgement attachments on Argentina-owned property in the District of Columbia.[1] On August 3, 2005, this Court issued a [27] Memorandum Opinion dismissing Plaintiff's case, quashing the writs of attachment on Argentina's District of Columbia properties, and denying Plaintiff's Motions to Stay and for Change of Venue Pursuant to 28 U.S.C. § 1404(a). Plaintiff's Motion to Reconsider that Opinion is now before the Court.

## II: LEGAL STANDARD

As a general rule, a motion for reconsideration is treated as a "[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (quoting *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)); *see also Derrington-Bey v. Dist. of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225-27 (D.C. Cir. 1994) (same); *cf.* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). While over 10 calendar days passed between the entry of the Court's August 3, 2005, Memorandum Opinion and Order and the filing of Plaintiff's Motion to Reconsider on August 17, 2005, calendar days are not controlling. Instead, Rule 6(a) of the Federal Rules of Civil Procedure dictates: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a); *see also Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 21 n.1 (D.D.C. 2004). Because Plaintiffs filed its Motion to Reconsider on Wednesday, August 17, 2005, less than 10

---

[1] NML originally attached nineteen of the Republic's District of Columbia properties. Sixteen of those attachments were withdrawn on account of the attached properties' diplomatic status. Under the Foreign Sovereign Immunities Act (FSIA or "the Act"), properties that are part of a State's diplomatic mission are exempt from attachment. *See* 28 U.S.C. § 1604.

days (as computed pursuant to Federal Rule of Civil Procedure 6(a)) had passed since entry of the Court's Order on Wednesday, August 3, 2005.  As such, the relevant standard under which the Court shall consider Plaintiff's Motion to Reconsider is Federal Rule of Civil Procedure 59(e).

"The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper*, 312 F. Supp. 2d at 20 (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 77 (D.D.C. 2002).  Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

"Rule 59(e) motions 'need not be granted unless the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."'" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Rule 59(e) motions should not be granted if the court suspects that the losing party is using the motion as an instrument for arguing the same theory or asserting new arguments that could have been raised prior to final judgment. *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (citations omitted))  Indeed, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v.*

*United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). It is well-established that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995) (internal citations omitted).

### III: DISCUSSION

Plaintiff makes two central arguments in support of its Motion to Reconsider: (1) that this Court's primary ruling finding that the Republic of Argentina had not waived its sovereign immunity means that the Court lacked jurisdiction to issue its Alternative Ruling on commercial use; and (2) that the Alternative Ruling is procedurally defective as a finding of fact. *See generally* Pl.'s Mem. to Reconsider. To justify reconsideration, Plaintiff offers no argument as to an intervening change of controlling law, but rather urges the Court to revisit its Opinion on the theory that, in evaluating whether or not the properties at issue were being used for commercial purposes – and were thus exempt from the FSIA's sovereign immunity protections[2] – the Court stepped beyond the permissible confines of its jurisdictional inquiry, improperly issuing a ruling

---

[2] The FSIA exempts property which is used for commercial activity from its prohibition on the attachment of property owned by foreign states and located in the United States. 28 U.S.C. § 1610(a)(2). As such, if the Court were to have determined that the property at issue was in fact being used by the Republic for commercial purposes, the attachment would have been permissible under the Act.

4

on the merits where analysis should have stopped when the issue of jurisdiction was resolved on the waiver question.  *See* Pl.'s Mem. to Reconsider at 3-5.

Plaintiff's argument is without merit.  As noted in the Memorandum Opinion, "District Courts must apply the FSIA 'in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity.'"  Mem. Op. at 11 (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434-35, 109 S. Ct. 683, 102 L. Ed. 2d 818 (1989)).  Consequently, when the FSIA is implicated, proper subject-matter jurisdictional analysis requires an evaluation of the pertinent exceptions – among them waiver and commercial use – the existence of any of which will substantiate subject matter jurisdiction.  *Amerada Hess*, 488 U.S. at 435, 109 S. Ct. 683.  Thus, the evaluation of the commercial use exception, which was labeled "Alternative Ruling: Commercial Activities Exception" ([27] Mem. Op. at 23) was not just permissible, it was obligatory.  *See id.*; *see also* 28 U.S.C. §§ 1604, 1605(a).

The Court finds it necessary at this point to clarify that this particular portion of the Opinion was labeled as an "Alternative" not because it was distinct from the primary ruling (in fact, it was included within the discussion section and did not stand alone as independent analysis), but rather because it discussed and resolved an alternative ground on which subject matter jurisdiction might have rested had the Court determined that the properties at issue were being used for commercial purposes as defined by the Act.  *See* 28 U.S.C. § 1605(a)(2).  The Court explained, "In the alternative, the attachments are invalid because they do not meet the standard for the 'commercial activities' exception."  [27] Mem. Op. at 23.  In choosing this language, the Court did not intend to imply that either part of the jurisdictional inquiry could

stand alone, but rather that the Act contains several alternative ways in which subject matter jurisdiction could be established (*see* 28 U.S.C. § 1605(a)) and that the facts at bar required an examination of two of them – waiver and commercial use.  A determination that the waiver exception did not apply in this case did not preclude an evaluation of the commercial use exception.  Rather, the Court was implying in the title of the commercial use section of the Opinion that the lack of commercial use provided another, or "alternative" reason why the attachments were invalid.  *See* [27] Mem. Op. at 23.

Plaintiff argues that the Alternative Ruling included in the Opinion improperly examined whether the commercial use exception applied, claiming the question of jurisdiction had already been resolved in the primary ruling.  *See generally* Pl.'s Mem. to Reconsider at 3-5.  Because the commercial use analysis fell well within the confines of a thorough and appropriate FSIA jurisdictional analysis, it does not constitute the type of "clear error" requisite to a successful Motion to Reconsider.  *Anyanwutaku,* 151 F.3d at 1058.

Further, the Court properly examined the record before it to determine whether the commercial use exception applied.  As this Circuit has recognized, the burden of proving the inapplicability of a FSIA exception falls upon the shoulders of the foreign nation, and not upon those of the Plaintiff.  *Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1171 (D.C. Cir. 1994).  It is the foreign nation – and not the party seeking to attach – that bears the ultimate burden of proving that FSIA immunity applies.  *Transamerican Steamship Corp. v. Somali Democratic Republic*, 767 F.2d 998, 1002 (D.C. Cir. 1985).  *See also Gerding v. Republic of France*, 943 F.2d 521, 525 (4th Cir. 1991).  Although NML argues that additional discovery was necessary before a determination of the character of the properties could properly be rendered,

this Court finds, to the contrary, that since the burden rested upon Argentina (which was able to produce sufficient evidence to dispute NML's claim that the properties were utilized for commercial purposes), NML had no such right to additional discovery. Under the applicable local statute, the Court retains discretion to rule on the use of the properties based on the record before it, and need not permit either additional discovery nor an evidentiary hearing.[3] Having been sufficiently convinced by the evidence presented by the party that bears the burden of persuasion in this instance, the Court was not compelled to grant Plaintiff's request to compel discovery. As such, Plaintiff's assertion to the contrary is erroneous.

In addition to asking the Court to reconsider its Opinion, Plaintiff requested a Stay of Enforcement pending final resolution of this matter. *See* Pl. Mem. to Reconsider at 12-13. The Court denied Plaintiff's original Motion to Stay. *See* [27] Mem. Op. at 34. Subsequently, Plaintiff submitted to the Court a [31] Stipulation and Order Releasing Bond, which states in relevant part, "NML stipulates and agrees that it will not appeal from the August 3, 2005 Memorandum Decision or from a decision on the Motion to Reconsider." Pl.'s Stip. and Order Releasing Bond at 2. As this decision represents the anticipated "decision on the Motion to Reconsider" and because this Opinion represents final resolution of the issues presented to this

---

[3]As the Court noted in its Memorandum Opinion, the *ex parte* motion for pre-judgment attachment that is the subject of this case was brought pursuant to D.C. Code Ann. § 16-501. *See* [27] Mem. Op. at 5. Upon review of the record, the Court concluded that attachment was improper and refused Plaintiff's request for further discovery. *Id*. at 8. Under local law in the District of Columbia, the Court retains discretion to quash writs of attachment without additional discovery, where it is determined that the proof presented by the moving party is insufficient to persuade the Court that attachment is proper. *See* D.C. Code § 16-506 (2001). In this case, the Court was able to determine from the record before it that the FSIA commercial exception was inapplicable and thus, under local law, a determination that no further discovery was required was permissible.

Court, the Motion for a Stay is moot and the Court denies it as such.

### IV: CONCLUSION

For the aforementioned reasons, the Court shall deny Plaintiff's [28] Motion for Reconsideration and for Stay of Enforcement. An appropriate Order accompanies this Memorandum Opinion.

Date: November 2, 2006

                                                                  /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge